UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                                                     MJ. No. 05-mj-00027-LTS

JAVON WOOTEN,
    Defendant.

MEMORANDUM AND ORDER

July 1, 2005

SOROKIN, M.J.

    Defendant Javon Wooten has been charged in a criminal complaint with violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearms) and 21 U.S.C. § 841(a)(1)(possession with intent to distribute cocaine base). After a Preliminary Examination and Detention Hearing, I found probable cause to support both of the charges in the Complaint. The maximum term of imprisonment applicable to the Title 21 charge is 40 years. The Government had moved for detention under 18 U.S.C. § 3142(f)(1)(a), (f)(1)(c), (f)(1)(d) and (f)(2)(a). I allow the Government's Motion and Order the Defendant DETAINED as set forth below.

    In the course of a Massachusetts State Police undercover investigation, Wooten sold cocaine base four times to a confidential informant (CI). The purchases by the CI were "controlled" thus, each time, the CI was: searched prior to the purchase, required to allow a state police officer to dial Wooten's cell phone to arrange the purchase, watched traveling to, during and leaving the place of the purchase, and the police saw Wooten at each of the four purchases. Twice Wooten arrived in a 2001 BMW registered in his own name. This evidence is very strong. In addition, the CI reported that it had made multiple purchases of cocaine base from Wooten over

a period of months during 2004.

After these sales the State Police arrested Wooten. When they arrested him he had $3,268 in cash on his person. His BMW was parked nearby to where Wooten was arrested. Under the authority of a search warrant the police searched the BMW in which the police found a bag containing 7.56 grams of cocaine.

The police then searched 122 Nilsson Street, #2, Brockton, Massachusetts under the authority of a search warrant issued by the state court. Carlita Fernandes rents this apartment. Police saw her with Wooten at two of the four sales. Police have observed Wooten's BMW regularly in a parking area behind the Nilsson Street residence both during the day and at night. Last week, the case agent spoke with Fernandes for two minutes while he returned some of Wooten's personal property to her. Fernandes told the agent that Wooten was living with her at the 122 Nilsson Street apartment. At one point in the past Brockton Police officers went to the 122 Nilsson Street apartment in responses to reports of a domestic violence incident; they found both Wooten and Fernandes at the apartment. During the search the police seized various paperwork in Wooten's name, paperwork from the Brockton District Court concerning Wooten and some sort of identification card bearing Wooten's name. This evidence sufficiently connects Wooten to this apartment in which Fernandes lived, apparently with her children. During the search of the apartment, the state police found, in the master bedroom closet, three handguns: a fully loaded six shot .357 Rossi revolver; a fully loaded ten shot Daewoo .40 caliber semi-automatic revolver; and a fully loaded Taurus .357 revolver. Additional ammunition was also found in the bedroom closet.

Wooten is a 27 year old man. He has been unemployed since 1998 reporting that his mother and girlfriend support him financially. He has no physical, mental or substance abuse

problems. He has been the subject of two restraining orders sought by two different women. He has been convicted of, among other offenses: a 12/6/01 Assault and Battery Dangerous Weapon for which he received a two year committed sentence (0115cr009426B); a 8/2/00 Assault and Battery Dangerous Weapon (0015cr005713B) for which he originally received a split sentence, but ultimately served the balance as a result of a violation of probation arising from the 12/6/01 offense; and a 10/28/98 firearms violation offense (9815cr008469B) for which he received a one year committed sentence.

The defendant may be detained only if the Government establishes, by clear and convincing evidence, that the defendant is a danger to the community or, by a preponderance of evidence, that he poses a risk of flight. 18 U.S.C. § 3142; United States v. Salerno, 481 U.S. 739 (1987); United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991). Because I have found probable cause that Wooten committed an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Wooten or the safety of the community if he were released. Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir. 1985).

Defendant proposes that the Court release him to live with his mother on the condition of home confinement enforced by an electronic bracelet.

In making the determination whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and of the community", I am compelled to consider the following factors:

(1)     the nature and circumstances of the offense charges, including whether the offense

      is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including

    (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)     whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;

(4)     the nature and seriousness of the danger to any other person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Considering all of the evidence and defendant's proposed conditions, I find the Government has met its burden of proof as to detention based on danger by clear and convincing evidence. The foregoing facts establish convincingly that Wooten is, simply put, in the business of dealing drugs while arming himself with an array of fully loaded weapons to protect himself as well as his drugs or cash. While in some cases home confinement may limit or rebut the danger posed by a defendant's release as defense counsel argues, this is not such a case. Moreover, Wooten has also demonstrated a disregard for prior release or probation conditions by committing new criminal conduct while subject to such conditions.[1] At the time the three guns were found in the Nilsson Street apartment on March 3, 2005, Wooten was on pretrial release from the Brockton

---

[1] For example, on 12/6/01, while on probation from 8/2/00 offenses, Wooten committed crimes of violence and on 8/20/00, while on pretrial release from charges filed on 3/20/00 Wooten committed crimes of violence. These convictions also appear to support the application of the presumption set forth at 18 U.S.C. § 3142(e)(1)-(3).

District Court for Assault and Battery charges filed on 2/7/05. Finally, the nexus in this case between Wooten's drug dealing and his possession of three fully loaded firearms and a ready supply of additional ammunition poses a significant risk. In short, I find no condition or combination of conditions can reasonably assure the safety of any other person and the community. Therefore, I allow the Government's Motion for Detention on danger.

I also find that the Government has met its burden of proof that no condition or combination of conditions will reasonably assure Wooten's appearance in court. The presumption of detention applies to risk of flight as well as danger. The charges in the complaint carry substantial penalties and, if Wooten is convicted, he faces the likelihood of substantial enhancements under the Sentencing Guidelines in light of his criminal record. He does have personal and family ties to Massachusetts. The Government, however, has met its burden of proof on risk of flight even in the face of Wooten's ties and the offer of home detention on the electronic bracelet. Therefore, I allow the Government's Motion as to risk of flight as well.

Finally, I note that defendant was on release from the Brockton District Court from state charges arising out of the same set of facts as the charges in this case. However, different laws govern release or detention in this court and a conviction in this court will result in a substantially longer prison sentence. While I considered that Wooten appears to have abided by whatever conditions the state court imposed and that the prospect of the federalization of the charges was apparent, in light of all of the evidence in this case and the applicable presumption, the Government has still met its burden of proof.

ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Mr. Wooten be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Wooten be afforded a reasonable opportunity for private consultation with counsel; and

3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Wooten is detained and confined shall deliver Mr. Wooten to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge